**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., a Kansas corporation; and Smith Food & Drug Centers, Inc., an Ohio corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>American National Insurance Co., a Texas corporation; and Dollar Tree Stores, Inc., a Virginia corporation,<br><br>    Defendants. | No. CV-08-01508-PHX-FJM<br><br>**ORDER** |

This is an action by Dillon Real Estate Co., Inc. ("Dillon") and Smith Food & Drug Centers, Inc. ("SFDC") to enforce a restrictive covenant. We have before us plaintiffs' motion for judgment on the pleadings (doc. 15), defendant American National Insurance Co.'s ("ANICO") response (doc. 23), defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") response (doc. 22), and plaintiffs' reply and motion for hearing (docs. 31 & 33).[1] We deny plaintiffs' motion for hearing because we do not believe oral argument would be helpful to decide the motion.

---

[1] We do not consider the photographs attached to plaintiffs' reply because we may not consider evidence beyond the pleadings without converting the motion into a motion for summary judgment. Rule 12(d), Fed. R. Civ. P. In addition, defendants have not had an opportunity to respond to the authenticity or accuracy of the attached photographs.

**I**

Dillon and W.M. Grace Development Co. ("Developer") owned two adjoining pieces of land upon which they built a shopping center. Developer and Dillon signed a declaration with a number of restrictive covenants and easements that run with the land. ANICO is the successor to Developer's interest and currently owns the shopping center with Dillon. ANICO leases space in the shopping center to Dollar Tree and both are subject to the general terms of the declaration.

The declaration provides that SFDC, which does business as Fry's Food & Drug Store, shall have the exclusive right to operate a grocery store in the shopping center. It also provides that:

> Developer covenants and agrees that it shall not permit or suffer the use or operation of any building in the Shopping Center, or any space therein, other than the Fry's Building, for the sale of groceries, package liquor, beer or wine, (provided, however, that Developer or any tenant of Developer may, at its option, sell or cause to be sold package liquor, beer or wine in a drug store operated in the Shopping Center), or for convenience store, meat market, supermarket or similar food purposes, or for a delicatessen or similar food operation larger than 2,000 square feet in size.

Complaint, Ex. 1 § 1.4.

Plaintiffs allege that Dollar Tree sells grocery items in violation of the restrictive covenant and seek compensatory damages and injunctive relief. In its answer, ANICO admits that Dollar Tree "sells certain grocery items," but denies that the sale of these items violates the restrictive covenant. ANICO Answer ¶ 15. Dollar Tree denies plaintiffs' allegation that it sells grocery items in violation of the restrictive covenant and asserts a cross claim against ANICO. Plaintiffs move for judgment on the pleadings as to all their claims or, in the alternative, for a judgment on the pleadings that Dollar Tree is selling grocery items.

**II**

A motion for judgment on the pleadings may be brought by any party after the pleadings are closed but without causing delay to the trial. Rule 12(c), Fed. R. Civ. P. The allegations of the non-moving party must be accepted as true and all allegations that have

- 2 -

1    been denied are assumed to be false. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,
2    896 F.2d 1542, 1549 (9th Cir. 1990). The motion should be granted only if the moving party
3    has "clearly establishe[d] on the face of the pleadings that no material issue of fact remains
4    to be resolved and that it is entitled to judgment as a matter of law." Id. (citation omitted).

5          Plaintiffs argue that they are entitled to judgment on the pleadings because ANICO
6    admitted in its answer that Dollar Tree sells grocery items and Dollar Tree's denial should
7    not be accepted. Unlike ANICO, Dollar Tree states that it is "without sufficient information
8    to admit or deny the allegations" that it sells grocery items and "therefore denies them."
9    Dollar Tree Answer ¶¶ 14-16. Although claiming a lack of sufficient information will
10   generally be considered a denial, Rule 8(b), Fed. R. Civ. P., "an answer asserting want of
11   knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not
12   serve as a denial if the assertion of ignorance is obviously sham." Harvey Aluminum (Inc.)
13   v. N.L.R.B., 335 F.2d 749, 758 (9th Cir. 1964). Dollar Tree's averment of insufficient
14   knowledge is not, however, clearly false. Because the term "grocery items" is undefined by
15   the declaration, Dollar Tree may reasonably lack sufficient information to admit or deny
16   whether it sells "grocery items" as the term is used by plaintiffs. Nor do the pleadings tell
17   us what Dollar Tree sells.

18         In addition, Dollar Tree and ANICO interpret the declaration in ways that would
19   absolve each of liability even if Dollar Tree sells grocery items. First, Dollar Tree argues
20   that the language of section 1.4 binds only the developer or its successor-in-interest, ANICO.
21   Plaintiffs argue that this interpretation fails to give effect to sections 14.1 and 14.4 of the
22   declaration. We disagree. Section 14.1(a) states that the declaration applies to tenants
23   "except as otherwise expressly provided herein," and section 14.4 provides only that any
24   owner may enforce the covenant in law or in equity against violators. Complaint, Ex.1 We
25   cannot resolve this issue on the pleadings alone.

26         Second, both ANICO and Dollar Tree argue that the restrictive covenant does not
27   apply because it only prohibits food operations that are "larger than 2,000 square feet in
28

1 size." Complaint, Ex. 1. Whether Dollar Tree's activities are those of a "delicatessen or
2 similar food operation" cannot be resolved on the pleadings alone.

3 Both of these issues are better resolved on summary judgment after the facts have
4 been developed.

5 Finally, plaintiffs move in the alternative for judgment on the pleadings that Dollar
6 Tree is selling grocery items. But the purpose of a motion for judgment on the pleadings is
7 to resolve undisputed legal claims before trial, not issues of fact underlying plaintiffs' legal
8 claims. The same is true as to ANICO's admission that Dollar Tree sells "grocery items."

9 **IT IS THEREFORE ORDERED DENYING** plaintiffs' motion for judgment on the
10 pleadings (doc. 15). **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for
11 hearing (doc. 33).

12 DATED this 10th day of December, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge