**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., a Kansas corporation; and Smith Food & Drug Centers, Inc., an Ohio corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>American National Insurance Co., a Texas corporation; and Dollar Tree Stores, Inc., a Virginia corporation,<br><br>Defendants. | No. CV-08-01508-PHX-FJM<br><br>**ORDER** |

Dillon Real Estate Co., Inc. ("Dillon") and Smith Food & Drug Centers, Inc. ("SFDC") bring this action to enforce a restrictive covenant. We have before us defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") motion for summary judgment and statement of facts (docs. 79 & 80), defendant American National Insurance Co.'s ("ANICO") response (doc. 95), plaintiffs' response and documents in support (docs. 96, 97, 98, 99 & 100), and Dollar Tree's reply (doc. 111).

**I**

Dillon and ANICO are joint owners of the Heatherwood Plaza shopping center ("shopping center") in Glendale, Arizona, and are parties to a declaration creating a number of restrictive covenants and easements that run with the land on which the shopping center

was built.[1] The declaration provides SFDC, which does business as Fry's Food & Drug Store, the exclusive right to operate a grocery store in the shopping center. Specifically, the declaration provides that:

> A prime inducement to Dillon for its purchase of the Dillon Parcel from Developer was and is the representation by Developer that Fry's will have the exclusive right to operate a grocery supermarket in the Shopping Center. Developer covenants and agrees that it shall not permit or suffer the use or operation of any building in the Shopping Center, or any space therein, other than the Fry's Building, for the sale of groceries, package liquor, beer or wine, (provided, however, that Developer or any tenant of Developer may, at its option, sell or cause to be sold package liquor, beer or wine in a drug store operated in the Shopping Center), or for convenience store, meat market, supermarket or similar food purposes, or for a delicatessen or similar food operation larger than 2,000 square feet in size.

DSOF, Ex. 3 § 1.4.

Dollar Tree leases space in the shopping center from ANICO in which it operates a store selling various merchandise, including snack and other food items. Plaintiffs allege that Dollar Tree sells grocery items in violation of the restrictive covenant and seek compensatory damages and injunctive relief. Dollar Tree moves for summary judgment on the grounds that it does not have any obligations under section 1.4 of the declaration.

**II**

Dollar Tree argues that, as a tenant, it cannot be liable under section 1.4 of the declaration because that section imposes a duty exclusively on ANICO. We agree. The clear intent of section 1.4 is to prevent stores in the shopping center, other than SFDC, from selling groceries. The issue before us, however, is who is liable under the words of section 1.4 – a tenant, ANICO, or both. Section 1.4 expressly states that "Developer covenants and agrees that it shall not permit or suffer the use or operation of any building in the Shopping Center, or any space therein, other than the Fry's Building, for the sale of groceries." Id. The unambiguous terms, therefore, state that responsibility falls to ANICO alone. See Duffy v. Sunburst Farms E. Mut. Water & Agric. Co., 124 Ariz. 413, 416, 604 P.2d 1142, 1127 (1979)

---

[1] The shopping center was originally owned by Dillon and W.M. Grace Development Co. ("Developer"). ANICO is the successor to Developer's interest, and all references in this order to Developer apply to ANICO.

("The words themselves, within a restrictive covenant are the primary evidence of the meaning of such words.") (citation omitted). Plaintiffs make several arguments why this provision should apply to Dollar Tree despite its express language, but none are availing.

First, plaintiffs rely on the Restatement of Property for the proposition that a restrictive covenant applies to all tenants "except as otherwise provided by the terms of the servitude." Restatement (Third) of Property § 5.2 (2000). While this is a correct statement of the law, it does not help plaintiffs in this case. Section 1.4 explicitly provides that "Developer covenants and agrees that it shall not permit or suffer" the sale of groceries by tenants other than SFDC. If the parties intended this provision to apply equally to tenants, they could have omitted the specific reference to Developer, or they could have added the word "tenants." However, the language used applies only to Developer, and we must give effect to all terms in an agreement where possible. See Weatherguard Roofing Co., Inc. v. D.R. Ward Constr. Co., Inc., 214 Ariz. 344, 350, 152 P.3d 1227, 1233 (Ct. App. 2001) (citation omitted).[2]

Plaintiffs also argue that section 1.4 as a whole applies to Dollar Tree because the provision allows "Developer or any tenant of Developer" to sell liquor, beer, or wine in a drug store. The inclusion of tenants in the exception for the sale of alcohol does not, however, support plaintiffs' position. If tenants were not included in the exception, ANICO would be allowed to sell alcohol, but would still be bound not to permit or suffer the sale of alcohol by tenants. The inclusion of tenants to the exception was necessary, therefore, to give it meaning, but does create liability for tenants under section 1.4. The express inclusion of tenants in the alcohol exception also demonstrates that, in drafting section 1.4, the parties were cognizant of the distinction between Developer and tenants.

---

[2] Plaintiffs' argument regarding section 14.1 of the declaration fails for the same reason. As discussed by our order on plaintiffs' motion for judgment on the pleadings (doc. 37), section 14.1(a) states that the declaration applies to tenants "except as otherwise expressly provided herein." Because we have determined that section 1.4 expressly provides that it only applies to ANICO, section 14.1 does not create liability for Dollar Tree under section 1.4. We have not seen anything that changes our initial reading of this section.

Plaintiffs also contend that they are entitled to injunctive relief against Dollar Tree under section 14.4 of the declaration. Section 14.4 provides that "[a]ny Owner may prosecute any proceedings at law or in equity against any person or entity violating or attempting to violate any of the agreements, covenants, conditions and restrictions herein." DSOF, Ex. 3 § 14.4. Under section 14.4, plaintiffs are entitled to bring an action for damages or injunctive relief for any provision to which Dollar Tree is bound, but section 14.4 does not by its terms expand the obligations created by other provisions of the agreement. Because Dollar Tree is not bound by section 1.4, section 14.4 does not apply here.

Plaintiffs also argue that Dollar Tree's course of performance indicates that it is bound by section 1.4 of the declaration. They rely primarily on correspondence between Dennis Barr, director of real estate for SFDC, and Alex Clark, ANICO's broker and agent, in which Barr made clear that SFDC expected that Dollar Tree would not sell groceries in accordance with the declaration. Barr Declaration, Ex. A. First, there is no indication that Dollar Tree ever received or was involved with these communications; they were made directly to ANICO, not Dollar Tree. Second, if it did receive these communications, Dollar Tree never indicated assent. Plaintiffs argue that Dollar Tree's failure to contest Barr's assertion indicates acquiescence. This action is based, however, on allegations that Dollar Tree has continuously sold groceries in violation of the declaration. Dollar Tree's alleged course of performance would indicate, if anything, that Dollar Tree did not believe itself bound by section 1.4.

Finally, plaintiffs argue that usage of trade creates a factual issue because it would not make commercial sense for the shopping center's owners to agree to restrict the sale of groceries without applying that to tenants. We disagree. The effect of section 1.4 is that tenants would be limited in what they could sell through their individual leases with the owners of the plaza. The owners of the shopping center agreed not to permit their tenants to sell groceries; they then have a responsibility not to lease space to tenants that will violate the terms of the agreement. Individual liability for tenants is not necessary to give effect to section 1.4. Plaintiffs have failed to show any genuine issue of material fact.

### III

**IT IS THEREFORE ORDERED GRANTING** Dollar Tree's motion for summary judgment (doc. 79).

DATED this 17th day of July, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge