**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., a Kansas corporation; and Smith Food & Drug Centers, Inc., an Ohio corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>American National Insurance Co., a Texas corporation; and Dollar Tree Stores, Inc., a Virginia corporation,<br><br>    Defendants. | No. CV-08-01508-PHX-FJM<br><br>**ORDER** |

Dillon Real Estate Co., Inc. ("Dillon") and Smith Food & Drug Centers, Inc. ("SFDC") bring this action to enforce a restrictive covenant against American National Insurance Co. ("ANICO"). The court has before it plaintiffs' motion for summary judgment, (doc. 118), ANICO's response (docs. 126), and plaintiffs' reply (docs. 132).

**I.**

Dillon and ANICO are parties to a declaration concerning their joint ownership of a shopping center in Glendale, Arizona. Made in 1982, the declaration creates restrictive covenants limiting ANICO's ability to permit the sale of groceries in buildings other than

SFDC's Fry's Food & Drug Store and allowing certain drugstore operations.[1]  Specifically, the declaration provides the following:

> A prime inducement to Dillon for its purchase of the Dillon Parcel from Developer was and is the representation by Developer that Fry's will have the exclusive right to operate a grocery supermarket in the Shopping Center. Developer covenants and agrees that it shall not permit or suffer the use or operation of any building in the Shopping Center, or any space therein, other than the Fry's Building, for the sale of groceries, package liquor, beer or wine, (provided, however, that Developer or any tenant of Developer may, at its option, sell or cause to be sold package liquor, beer or wine in a drug store operated in the Shopping Center), or for convenience store, meat market, supermarket or similar food purposes, or for a delicatessen or similar food operation larger than 2,000 square feet in size. Fry's may, at its option, operate a drugstore and pharmacy in the Fry's building but it shall not have the exclusive right to such uses in the Shopping Center. Developer or any tenant of developer may, at its option, operate or cause to be operated a drug store in the Shopping Center, provided that (i) it sells only those items typically sold in drug stores in the Phoenix, Arizona, metropolitan area, and (ii) it sells no food items of any kind, other than candy, cookies, soft drinks, juices, nuts, and snack items.

Barr Declaration, Ex. 1 § 1.4.

ANICO leases space in the shopping center to Dollar Tree Stores, Inc. ("Dollar Tree") through which various merchandise and food items are sold. Plaintiffs allege that ANICO is permitting Dollar Tree to sell groceries in violation of the restrictive covenant. They now move for summary judgment seeking a permanent injunction against ANICO.[2] In response, ANICO contends that the declaration's construction, the intended meaning of groceries, and several affirmative defenses present triable issues.[3] We agree solely with respect to the defenses of waiver and equitable estoppel.

---

[1] ANICO is the successor to W.M. Grace Development Co.'s interest and all references to developer apply to ANICO.

[2] Plaintiffs also move for summary judgment against Dollar Tree. We have since granted summary judgment in favor of Dollar Tree (doc. 125).

[3] ANICO also contends that it cannot be enjoined from permitting Dollar Tree to sell groceries because of its relationship with Dollar Tree. We need not reach this issue because an injunction is inappropriate at this time. However, we note that Dollar Tree acknowledged the declaration in its lease and it had an opportunity to be heard in this case.

- 2 -

**II.**

Plaintiffs maintain that the declaration prohibits ANICO from permitting Dollar Tree toسell groceries. We agree. Finding the declaration contorted, ANICO claims that the grant of an exclusive right to operate a grocery supermarket should be read to limit the grocery restriction to putative supermarkets. Alternatively, ANICO claims that the restriction on delicatessens or similar food operations larger than 2,000 square feet should be read to qualify the grocery restriction. The declaration is not reasonably susceptible to either interpretation. See Taylor v. State Farm Mut. Inc. Co., 175 Ariz. 148, 154, 854 P.2d 1134, 1140 (1993) (finding extrinsic evidence inadmissible where contract not reasonably susceptible to asserted interpretation). The unambiguous intent of the declaration is to restrict the sale of groceries in all non-Fry's buildings with limited exceptions for drugstores. It is not to restrict grocery sales only in supermarkets, which are covered separately along with convenience stores and meat markets. And the deli or similar food operation language is in addition to and not a limitation on the grocery restriction. We find the parties' intent on this issue clear from the language used. See Powell v. Washburn, 211 Ariz. 553, 557, 125 P.3d 373, 377 (2006) ("[T]he intent of the parties is the 'cardinal principle' in interpreting restrictive covenants.") (citations omitted). ANICO is prohibited from permitting Dollar Store to sell groceries under the terms of the declaration.

Plaintiffs also contend that the term "groceries," as used in the declaration, includes food items as well as certain non-food products. They propose trade usage to show that the term was intended to cover all items traditionally sold in food stores and drugstores in 1982. PSOF ¶ 14. ANICO objects and claims that "groceries" is limited to food items excluding snacks. Within a restrictive covenant, the words themselves are the primary evidence of the meaning of such words. Duffy v. Sunburst Farms E. Mut. Water & Agric. Co., 124 Ariz. 413, 416, 604 P.2d 1124, 1127 (1979). The ordinary meaning of groceries includes non-food household supplies. See Winn-Dixie Stores, Inc. v. 99 Cent Stuff-Trail Plaza, LLC, 811 So.2d 719, 722 (Fla. Dist. Ct. App. 2002) (expanding the scope of an injunction on appeal because the commonly recognized definition of groceries includes non-food items).

Dictionaries do not suggest that this was different in 1982 when the original parties entered into the declaration. See Webster's Third New International Dictionary 1001 (3d ed. 1981) (defining grocer as "a dealer in staple foodstuffs (as coffee, sugar, flour) and usu. meats and other foods (as fruits, vegetables, dairy products) and many household supplies (as soap, matches, paper napkins)" and groceries as "articles of food and other goods sold by a grocer"); The Pocket Oxford Dictionary 325 (7th ed. 1984) (defining grocer as a "dealer in food and household provisions" and grocery as "grocer's provisions"). We conclude that the declaration uses the term groceries in its ordinary meaning which includes non-food household supplies. It is not reasonably susceptible to ANICO's interpretations or to plaintiff's proffered trade usage. The intended meaning of groceries under the declaration is not genuinely at issue.

## III.

ANICO asserts three affirmative defenses precluding summary judgment: laches, waiver, and equitable estoppel. ANICO's laches defense is unsupported. Laches requires an unreasonable filing delay which results in prejudice to the opposing party. League of Ariz. Cities & Towns v. Martin, 219 Ariz. 556, 558, 201 P.3d 517, 519 (2009). It is undisputed that ANICO was aware of the declaration before leasing to Dollar Tree and that SFDC informed ANICO that it expected Dollar Tree not to engage in sales in violation of the declaration before Dollar Tree opened in the spring of 2005. Despite continued communication, ANICO labored under an obvious misreading of the declaration as late as February, 2006, when it was measuring food aisles. SFDC warned ANICO of legal action in September, 2006. And plaintiffs filed a complaint on July 18, 2008. Drawing all inferences in ANICO's favor, no reasonable trier of fact could find plaintiffs' delay unreasonable on these facts. Moreover, ANICO fails to point to anything in the record from which an inference of prejudice due to the delay could be drawn. Therefore, ANICO's defense of laches is foreclosed.

ANICO's waiver defense presents genuine issues. "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an

inference of such an intentional relinquishment." <u>Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.</u>, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). First, ANICO contends that plaintiffs waived the declaration's grocery restriction by failing to object to the sale of food and other items by an Osco drugstore ("Osco"). In support, ANICO offers a witness's declaration, the adequacy of which plaintiffs challenge, and an alleged admission by plaintiffs that Osco's sales were likely violating their interpretation of the declaration. Plaintiffs maintain that a failure to enforce the drugstore provisions could not effect a waiver of the grocery restriction generally. We disagree. The drugstore provisions allow for the sale of certain items, thus protecting them from the grocery restriction, but permitting drugstores to sell groceries not covered by those exceptions would still violate the general grocery restriction in addition to the drugstore provisions. Second, ANICO contends that plaintiffs' repeated references to a food restriction in communications regarding Dollar Tree waived any application of the grocery restriction to non-food items. What Osco sold, plaintiffs' conduct, and any warranted inferences cannot be determined at this stage.

Finally, ANICO invokes an equitable estoppel defense. Equitable estoppel requires acts by a party inconsistent with a position it later adopts, reliance by another party, and injury to the latter resulting from the former's repudiation. <u>See</u> <u>Valencia Energy Co. v. Ariz. Dep't of Revenue</u>, 191 Ariz. 565, 576-77, 959 P.2d 1256, 1267-68 (1998). ANICO claims that it was prejudiced by entering into a lease with Dollar Tree without asking for plaintiffs' consent after relying on plaintiffs' silence with respect to Osco's sales. It also apparently claims that plaintiffs should be estopped from asserting that the grocery restriction covers non-food items because ANICO relied on plaintiffs' references to a food restriction. We note that the extent of ANICO's reliance is questionable in both respects given ANICO's conceded conclusion that the declaration did not apply to Dollar Tree because it covered only supermarkets or the sale of more than 2,000 square feet of food. However, as with waiver, these factual inquiries cannot be resolved on summary judgment.

**IT IS THEREFORE ORDERED DENYING** plaintiffs' motion for summary judgment (doc. 118).

**IT IS FURTHER ORDERED** that the following are established pursuant to Rule 56(d), Fed. R. Civ. P.:

(1) the declaration prohibits ANICO from permitting Dollar Tree to sell groceries;

(2) the term groceries, as used in the declaration, includes food and non-food household supplies; and

(3) ANICO's laches defense is foreclosed.

DATED this 25th day of September, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge