Kevin E. O'Malley (SBN 006420)
Glen Hallman (SBN 005888)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: keo@gknet.com
Email: gh@gknet.com
*Attorneys for Defendants American National Insurance Co.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DILLON REAL ESTATE CO., INC., a Kansas corporation; and SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN NATIONAL INSURANCE CO., a Texas corporation; and DOLLAR TREE STORES, INC., a Virginia corporation,<br><br>Defendants. | No. CIV 08-1508-PHX-FJM<br><br>**ANICO'S PROPOSED JURY INSTRCUTIONS** |

Pursuant to the Scheduling Order entered on October 17, 2008, defendant American National Insurance Co. ("ANICO") submit the following Proposed Jury Instructions:

/ / /

# STANDARD 2
## Burden of Proof
### (More Probably True)

The party making a claim has the burden of proof on that claim. A party who has the burden of proof must persuade you by the evidence that the claim is more probably true than not true. This means the evidence that favors that party outweighs the opposing evidence. In determining whether a party has met this burden you will consider all the evidence, whether presented by Plaintiffs or Defendants.

**Source:** RAJI (Civil) 4th Standard 2.

**Use Note:** A Burden of Proof instruction should be given at some point in all cases. If there are claims that require proof by clear and convincing evidence, use RAJI (Civil) 4th Standard 3 as well as RAJI (Civil) 4th Contract 1, and identify each claim to which the clear and convincing standard applies by so stating in the instructions defining that claim.

**Comment:** The Contract 1 Instruction begins with: "The party making a claim has the burden of proof on that claim." This general statement is provided here so that each instruction that follows does not have to identify who has the burden of proof on a claim. Scrutinize each claim, however, to make sure that the general statement here is correct for all claims in the case. When an instruction deals with a contention that is not clearly a "claim," it should contain its own burden of proof discussion. *See, e.g.,* Contract 9 (Failure of Consideration) and Contract 10 (Substantial Performance).

**CONTRACT 2**
**Claims and Elements**

Plaintiffs claim that Defendant breached a Declaration of Easements, Covenants and Restrictions.  Plaintiff must prove that there was a breach of the Declaration of Easements, Covenants and Restrictions.

Defendant claims that Plaintiff has waived any breach of the Declaration of Easements, Covenants and Restrictions, or that Plaintiff is estopped from claiming any breach. Defendant must prove either of these defenses.

I will give you detailed instructions on waiver and estoppel shortly.

**Source:** RAJI (Civil) 4th Contract 2

**CONTRACT 13**
**Waiver**

A party to a Declaration of Easements, Covenants and Restrictions may waive the other party's duty to perform. To "perform" means what a party agreed to do as his part of the Declaration of Easements, Covenants and Restrictions.

Waiver is either the express, voluntary, and intentional relinquishment of a known right, or it is conduct that is inconsistent with an intent to assert the right.

By accepting performance known to be deficient, a party has waived the right to claim a breach of a Declaration of Easements, Covenants and Restrictions on the basis of that performance.

If Plaintiff has waived a promise performance, then Defendant is no longer bound to perform on that promise and Plaintiff is not entitled to damages for that particular non-performance.

Defendant has the burden of proving waiver.

**Source:** RAJI (Civil) 4th Contract 13

**CONTRACT 17**
**Measure of Direct Damages**
**(Breach of Contract)**

If you find that Defendants are liable to Plaintiffs for breach of the Declaration of Easements, Covenants and Restrictions, you must then decide the full amount of money that will reasonably and fairly compensate Plaintiffs for the damages proved by the evidence to have resulted naturally and directly from the breach of the Declaration of Easements, Covenants and Restrictions. The damages you award for breach of the Declaration of Easements, Covenants and Restrictions must be the amount of money that will place Plaintiffs in the position Plaintiffs would have been in if the Declaration of Easements, Covenants and Restrictions had been performed. To determine those damages, you should consider the following:

The profit that Plaintiffs would have received had the Declaration of Easements, Covenants and Restrictions been performed;

**Source:** *A.R.A. Mfg. Co. v. Pierce*, 86 Ariz. 136, 141, 341 P.2d 928, 932 (1959); *Northern Ariz. Gas Serv., Inc. v. Petrolane Transp., Inc.*, 145 Ariz. 467, 478-79, 702 P.2d 696, 707-08 (Ct. App. 1984); *Southern Ariz. School for Boys, Inc. v. Chery*, 119 Ariz. 277, 280, 580 P.2d 738, 741 (Ct. App. 1978); Restatement (Second) of Contract s §§ 347, 351 (1981); Dobbs, Handbook on the Law of Remedies § 12.1 (1973).

5

**CONTRACT 19**
**Damages for Lost Profits**

Plaintiffs [also] seek to recover damages for lost profits. To recover damages for present or future lost profits, Plaintiffs must prove:

1. That it is reasonably probable that the profits would have been earned except for the breach;

2. That the loss of profits is the direct and natural consequence of the breach; and

3. The amount of lost profits can be shown with reasonable certainty.

If future lost profits are reasonably certain, any reasonable basis for determining the amount of the probable profits lost is acceptable. However, the amount of lost profits cannot be based on conjecture or speculation.

In determining whether and to what extent Plaintiffs proved lost profits, you must subtract the costs and expenses Plaintiffs would have incurred from the gross revenue Plaintiffs would have received if the Declaration of Easements, Covenants and Restrictions had not been breached.

**Source:** Restatement (Second) of Contract s § 351, comment (b) (1979) (foreseeability of lost profits in general); Judicial Council of California Civil Jury Instructions (2003-04), CACI No. 352; Federal Jury Practice and Instructions (Civil §§ 86.04 and 86.05 (1987).

**Use Note: 1. Lost profits are pre-tax net profits:** Knapp, 1 Commercial Damages § 5.01 *et seq.* (1994); A.R.S. § 47-2708 (U.C.C. § 2-708); *Campbell v. Westdahl*, 148 Ariz. 432, 715 P.2d 288 (Ct. App. 1985) (lost profits equal contract price the party would have received less inventory retained and expenses avoided); *Morton v. Rogers*, 20 Ariz. App. 581, 514 P.2d 752 (1973) (profits are the difference between cost of materials and sales receipts).

**2. Foreseeability of lost profits; Breach as proximate cause of the loss:** *Short v. Riley*, 150 Ariz. 583, 585, 724 P.2d 1252, 1254 (Ct. App. 1986). As to damages relating to the sale of goods, *see generally* A.R.S. § 47-2715 (U.C.C. § 2-715).

**3. Certainty of fact of damages:** *Earle M. Jorgensen Co. v. Tesmer Mfg. Co.*, 10 Ariz. App. 445, 450, 459 P.2d 533, 538 (1969) (plaintiff must first prove, with certainty, that he has in fact been damaged by defendants); *Farr v. Transamerica Occidental Life Ins. Co.*, 145 Ariz. 1, 6, 699 P.2d 376, 381 (Ct. App. 1984) (plaintiff could not recover damages for loss of credit reputation where nothing in the evidence, except speculation,

6

suggested that they actually suffered any damage to their credit); *Rancho Pescado v. Northwestern Mut. Life Ins.*, 140 Ariz. 174, 184-86, 680 P.2d 1235, 1245-47 (Ct. App. 1984) (no reasonable basis for award of lost profits where there was no conclusive evidence that plaintiff could have successfully raised and marketed large quantities of catfish, and the evidence as a whole amounted to nothing more than conjecture and speculation); *Isenberg v. Lemon*, 84 Ariz. 340, 327 P.2d 1016, 1022-23, *amended on reh'g.*, 84 Ariz. 364, 329 P.2d 882 (1958) (reversing trial court's $31,800 award to plaintiff for lost profits, where plaintiff produced no definitive evidence as to actual anticipated profits); *Lininger v. Dine Out Corp.*, 131 Ariz. 160, 639 P.2d 350 (Ct. App. 1981) (lost profits due to defendant's omission of plaintiff from annual coupon book for two-for-one dinners).

**4. Reasonable certainty as to amount of damages:** 5 Corbin on Contract s § 1021 (1964), p. 127; *Rancho Pescado, supra* (plaintiff must provide "some reasonable method," and a "reasonable basis in the evidence for the trier of fact to fix computation when a dollar loss is claimed"); *Broadway Realty & Trust v. Gould*, 136 Ariz. 236, 238, 665 P.2d 580, 582 (Ct. App. 1983) (where trial court made specific findings of fact that were well within the range of the expert testimony presented regarding loss of profits, there was reasonable basis for damages and uncertainty as to the amount of damages would not preclude recovery); *Grummel v. Hollenstein*, 90 Ariz. 356, 367 P.2d 960, 963 (1962) (upheld trial court's award of damages for breach of agreement to convey land although exact damages would be difficult, if not impossible, to calculate mathematically); *Hercules Drayage Co. v. Chanco Leasing Corp.*, 24 Ariz. App. 598, 601, 540 P.2d 724, 727 (1975) (damages could be recovered for lost profits shown with as much mathematical precision as the nature of the claim could provide, and certainty as to the amount of damages was not essential to recovery when the fact of damages was proven); *Coury Bros. Ranches v. Ellsworth*, 103 Ariz. 515, 521, 446 P.2d 458, 464 (1968) (where testimony was speculative and conjectural, lost profits were not established with reasonable certainty); *Gilmore* established with reasonable certainty where all evidence relating to damages was in the form of testimony by plaintiffs, where no accounts or other cost records were introduced, and where testimony itself was ambiguous and confused).

One case indirectly discusses the meaning of the term "reasonable certainty" in the context of determining jury instructions to adequately inform the jury of the appropriate burden of proof regarding future lost wages. *Lewis v. N.J. Riebe Enter., Inc.*, 170 Ariz. 384, 397, 825 P.2d 5, 18 (1992) ("assuming . . . that the amount of future lost wages must be established with reasonable certainty," the then-existing RAJI instructions on burden of proof, measure of damages, and defining burden of proof were, as a whole, adequate).

7

**Comment: 1. Double Recovery:** No Arizona appellate decision has addressed this particular problem, but the law is clear that a plaintiff may not receive what is in effect a double recovery. *Renner v. Kehl*, 150 Ariz. 94, 97-98, 722 P.2d 262, 265-66 (1986) (allowing rescission of contract on basis of mutual mistake of fact, but disallowing consequential damages); *Seekings v. Jimmy GMC Inc.*, 130 Ariz. 596, 601, 638 P.2d 210, 215 (1981) (allowing plaintiffs who returned defective vehicle to recover purchase price, but not damages for breach of warranty); *Adams v. Dion*, 109 Ariz. 308, 309, 509 P.2d 201, 202 (1973) (amount received from one joint tortfeasor must be credited on judgment against other joint tortfeasor); *USLife Title Co. v. Gutkin*, 152 Ariz. 349, 355, 732 P.2d 579, 585 (Ct. App. 1986) (having obtained a quit claim deed, recovery for unjust enrichment not permitted).

Courts faced with the double recovery issues have universally condemned the practice of including calculations for both lost profits and lost business value. *E.g., American Anodco, Inc. v. Reynolds Metals Co.*, 743 F.2d 417, 423-24 (6th Cir. 1984) ("[w]here the loss of profits and loss of value are intertwined, as they are here, and the loss of value is based on loss of future profits, to allow both would be to permit a double recovery"); *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1053 (5th Cir.), *cert. denied*, 454 U.S. 1125 (1981) ("Both business goodwill and future profits are computed into the going concern value loss. Hence, damage awards which include recovery for lost future profits and going concern value are impermissibly duplicitous."); *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 753-55 (10th Cir. 1975) ("Since this property loss included harm to, and deaths of, the swineherd as well as loss resulting [sic] from diminution of good will and going value of the business as a whole, it necessarily embraced loss of profits for the entire period."); *Bush v. National School Studio*, 389 N.W.2d 49, 53 (Wis. Ct. App. 1986) ("[L]ost business value focuses on the reduction in value of the business. Both good will and future profits are computed into lost business value. Therefore, damages awards that include lost profits and lost business value are impermissibly duplicitous.").

The only cases where the measure of damages may include components for lost business value and lost profits are those involving businesses which were sold or otherwise terminated. Even then, the lost profits measure must be limited to the period during which the defendant's wrongful or unlawful activity continued. *See R.E.B., Inc. v. Ralston Purina Co., supra.*

**2. Factors for Determining Future Lost Profits:** The Committee has concluded that factors for the jury to consider when determining whether plaintiff is entitled to future lost profits should not be included in the jury instructions; rather, they are best left to argument. These factors include: (1) the uncertainty which makes the success of a new business problematical [if applicable], (2) plaintiff's experience in the business, (3) the

8

1 competition in the relevant geographical area, and (4) the general market conditions in that area.

# CONTRACT 23
## Mitigation of Damages

Defendant claims that Plaintiffs did not make reasonable efforts to prevent or reduce damages.

Plaintiffs may not recover for any damages that could have been prevented or reduced through reasonable efforts. Defendants must prove:

1. Plaintiffs did not make reasonable efforts to prevent or reduce damages;

2. If Plaintiffs had acted reasonably, Plaintiffs could have prevented or reduced damages; and

3. The amount of Plaintiffs' damages that could have been prevented or reduced through reasonable efforts.

**Source:** *Coury Bros. Ranches v. Ellsworth*, 103 Ariz. 515, 518, 446 P.2d 458, 461 (1968); *West Pinal Family Health Ctr, Inc., v. McBryde*, 162 Ariz. 546, 548-49 785 P.2d 66, 68-69 (Ct. App. 1989) (mitigation of d.amages does not require filing of lis pendens); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 603 P.2d 513, 526 (Ct. App. 1979); C. McCormick, Law of Damages § 127 (1935); Restatement (Second) of Contract s § 350 (no breach of duty where party has made reasonable, but unsuccessful efforts).

**Use Note: 1.** In some circumstances, it may be proper to include an instruction referring to the triggering incident that determines when mitigation efforts should have begun.
**2.** In some circumstances, it may be proper to include an instruction to the effect that the plaintiff is not required to incur unreasonable risk or cost in order to mitigate damages.
**3.** The amount that should be subtracted is net mitigation, i.e., if the plaintiff obtains $20,000 in mitigation efforts but had to spend $5,000 to do so, the actual mitigation effect would be $15,000.

**Comment:** This instruction is designed for contract claims only.

**CONTRACT 26**
**Determining Intent of the Parties**

In deciding what the Declaration of Easements, Covenants and Restrictions provision means, you should attempt to determine what the parties intended at the time that the Declaration of Easements, Covenants and Restrictions was formed.[1] You may consider the surrounding facts and circumstances as you find them to have been at the time that the Declaration of Easements, Covenants and Restrictions was formed.[2] It is for you to determine what those surrounding facts and circumstances were.

To determine what the parties intended the terms of the Declaration of Easements, Covenants and Restrictions to mean, you may consider the language of the written Declaration of Easements, Covenants and Restrictions;[4] the acts and statements of the parties themselves before any dispute arose;[5] the parties' negotiations; any prior dealings between the parties; any reasonable expectations the parties may have had as the result of the promises or conduct of the other party;[6] and any other evidence that sheds light on the parties' intent.

**Source:** *Taylor v. State Farm Mut. Auto. Ins. Co.,* 175 Ariz. 148,  854 P.2d 1134 (1993); *Gordinier v. Aetna Cas. & Sur. Co.,*  154 Ariz. 266,  742 P.2d 277 (1987); *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,*  140 Ariz. 383,  682 P.2d 388 (1984); *Public Serv. Co. of Okla. v. Bleak,*  134 Ariz. 311,  656 P.2d 600 (1982); *Polk v. Koerner,* 111 Ariz. 493,  533 P.2d 660 (1975); *Anderson v. Preferred Stock Markets, Inc.,*  175 Ariz. 208,  854 P.2d 1194 (Ct. App. 1993); *United Cal. Bank v. Prudential Ins. Co.,*  140 Ariz. 238,  681 P.2d 390 (Ct. App. 1983); *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.,*  124 Ariz. 242,  603 P.2d 513 (Ct. App. 1979); *Associated Students of the Univ. of Ariz. v. Arizona Bd. of Regents,*  120 Ariz. 100,  584 P.2d 564 (Ct. App. 1978), *cert. denied,*  440 U.S. 913 (1979).

**Use Note: 1.** If there is no evidence pertaining to one of the facts identified in the second paragraph, no reference to that factor should be made.

**2.** This instruction assumes that the parol evidence rule does not bar the evidence in question. The instruction should not be given unless the court has made a determination that a jury issue is present. The jury may have no role in determining what a contract or contract term means unless, for example, the court has made a prior determination that there is an ambiguity. *E.g., Leikvold v. Valley View Community Hosp.,* 141 Ariz. 544, 688 P.2d 170 (1984). This instruction should not be given where the dispute concerns the meaning of a standardized contract term; in such a situation, the intent of the immediate

parties to the contract is not controlling. *See* Restatement (Second) of Contract s § 211 comment e (1981).

**Comment:** [1] "The object of all rules of interpretation is to arrive at the intention of the parties as expressed in the contract." *United Cal. Bank v. Prudential Ins. Co.*, 140 Ariz. 238, 261,  681 P.2d 390, 413 (Ct. App. 1983). Where the court cannot ascertain that intention from the contract itself, the jury may determine intent, but the goal remains the same. It is the intent of the parties at the time the contract was made which is controlling. *Polk v. Koerner*,  111 Ariz. 493,  533 P.2d 660 (1975).

[2] "The surrounding circumstances at the time that the contract was made should be considered in ascertaining its meaning." *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.*,  124 Ariz. 242, 250,  603 P.2d 513, 521 (Ct. App. 1979).

[3] Construing the language of a contract is ordinarily a question for the judge, and no Arizona case clearly indicates that a jury may consider the language of the agreement in assessing intent. However, cases from other jurisdictions indicate that jurors may consider the language of the agreement (*e.g., Hoffman v. United Silver Mines, Inc.,* 775 P.2d 132 (Idaho Ct. App. 1989)) and this would appear to be the sensible rule.

[4] "The acts of parties under a contract, before disputes arise, are the best evidence of the meaning of doubtful contract terms." *Associated Students of the Univ. of Ariz. v. Arizona Bd. of Regents,* 120 Ariz. 100, 105, 584 P.2d 564, 569 (Ct. App. 1978), *cert. denied,*  440 U.S. 913 (1979). The Arizona cases on this point speak of the "acts" of the parties and say nothing about the "statements." To the extent a jury understands that "acts" may be verbal and include "statements," there is no problem, but it probably cannot be assumed that a jury would so understand an instruction which speaks only of "acts." Corbin points out that if the parties have discussed what a provision means and have agreed, that is the best evidence of what the provision means. 3 Corbin on Contract s § 558 (1960), p. 257. If an instruction spoke of "acts" only, a jury might conclude that it should disregard an agreement as to what a provision means in favor of uncertain inferences from other conduct. "This principle of practical construction applies only to acts performed before any dispute arises." *United Cal. Bank v. Prudential Ins. Co.,* 140 Ariz. 238, 266,  681 P.2d 390, 418 (Ct. App. 1983).

[5] The pertinence of negotiations, prior understandings, and reasonable expectations induced by the other party is recognized in *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,*  140 Ariz. 383, 393,  682 P.2d 388, 398 (1984). *See also Gordinier v. Aetna Cas. & Sur. Co.,* 154 Ariz. 266,  742 P.2d 277 (1987).

6 The final clause is intended to make it clear to the jurors that they are not required to consider only the previously enumerated factors. An instruction should not single out and make unduly prominent some parts of the evidence, or indicate to the jury that the court attached special importance to parts of the evidence. *Public Serv. Co. of Okla. v. Bleak*, 134 Ariz. 311, 656 P.2d 600 (1982). This does not necessarily mean that any list of evidentiary factors must be expressly made nonexclusive to avoid infirmity, but it may be an advisable practice.

# CONTRACT 27
## Construction Against the Party Choosing the Words

You may find that, even after you have determined and considered the surrounding facts and circumstances, what the parties intended a particular written provision to mean is still not clear to you. If, and only if, you have determined and considered the facts and circumstances surrounding the formation of the Declaration of Easements, Covenants and Restrictions and still cannot determine which of the possible, reasonable meanings was intended by the parties, you should apply the following rule of law:

In choosing between the possible meanings of language in the written Declaration of Easements, Covenants and Restrictions, the meaning that operates against the interests of the party who supplied the words is generally the preferred meaning.

**Source:** This is a slightly modified version of Restatement (Second) of Contract s § 206 (1981).

**Caveat:** This instruction is designed for use in connection with written provisions. It should not be given where it cannot be determined that one party rather than the other actually chose the specific language of the contract. 3 Corbin on Contract s § 559 (1960). Where each party supplied some of the language, this rule may still be applicable but the instruction will probably require modification. Where a contract term is required by statute, the rule may be inapplicable. *Id.*; *see also* Restatement (Second) of Contract s § 206 comment b (1981). This rule "is not one to be applied blindly without knowledge of the facts." 3 Corbin on Contract s § 559 (1960). *See also* Comment, *infra.*

**Comment: Last Resort:** This rule of law has been described as a rule of "last resort," to be applied only if other rules of interpretation have been exhausted and only if, at that point, there remain two possible and reasonable explanations. 3 Corbin on Contract s § 559 (1960). *See also Insurance Agencies Co. v. Weaver,* 124 Ariz. 327, 604 P.2d 258 (1979); *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975); *United Cal. Bank v. Prudential Ins. Co.,* 140 Ariz. 238, 681 P.2d 390 (Ct. App. 1983); Restatement (Second) of Contract s § 295 reporter's note (1981). *See also State Farm Mut. Auto. Ins. Co. v. Wilson,* 162 Ariz. 247, 782 P.2d 723 (Ct. App. 1989). Before telling the jury the rule, it is therefore advisable to clarify to the jury that they must not use it until other methods of determining intent have been exhausted. Were the rule stated without such qualification, a jury might interpret it to mean that whoever wrote the contract must lose, regardless of other circumstances.

**Estoppel**

A party to a Declaration of Easements, Covenants and Restrictions may be estopped from claiming the other party violated the Declaration of Easements, Covenants and Restrictions.

Estoppel is conduct which induces another to believe and have confidence in certain material facts, which results in acts the party relying thereon would not have performed.

A party is precluded from asserting rights which would otherwise have existed against another who in good faith relied upon that conduct and changed his position for the worse.

If Plaintiff is estopped from claiming that Defendant violated the Declaration of Easements, Covenants and Restrictions, Plaintiffs are not entitled to damages for that particular non-performance.

Defendant has the burden of proving estoppel.

**Source:** *Sahlin v. American Casualty Co. of Redding, Pennsylvania*, 103 Ariz. 57, 436 P.2d 606 (1968); *Heltzel v. Meecham Pontiac*, 152 Ariz. 58, 730 P.2d 235 (1986).

Respectfully submitted this 23rd day of October, 2009.

**GALLAGHER & KENNEDY, P.A.**

By: /s/ Glen Hallman
Kevin E. O'Malley
Glen Hallman
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Defendant American National Insurance Co.*

*Original of the foregoing was
e-filed this 23rd day of October, 2009.*

*COPY of the foregoing e-mailed this
23rd day of October, 2009 to:*

The Honorable Frederick J. Martone
UNITED STATES DISTRICT COURT
c/o mary_molyneaux@azd.uscourts.gov
Sandra Day O'Connor US Courthouse, Suite 526
401 West Washington Street, SPC 62
Phoenix, AZ 85003-2158

*COPY of the foregoing mailed this
23rd day of October, 2009 to:*

Andrew F. Halaby / Jacob A. Hecker
SNELL & WILMER, LLP
400 East Van Buren
Phoenix, AZ 85004-2202
*Attorneys for Plaintiff*

Randy Papetti
LEWIS & ROCA, LLP
40 North Central Avenue
Phoenix, AZ 85004-4429
*Attorneys for Dollar Tree Stores, Inc.*

By: /s/ Kim Haggard
2270748 / 10877-15