# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., a Kansas corporation; and Smith's Food & Drug Centers, Inc., an Ohio corporation,<br><br>    Plaintiffs,<br>v.<br><br>American National Insurance Co., a Texas corporation; and Dollar Tree Stores, Inc., a Virginia corporation,<br><br>    Defendants. | No. CV 08-1508-PHX-FJM<br><br>**JOINT PLEADING RE STATEMENT OF THE CASE** |

In accordance with the Court's Rule 16 Scheduling Order (Dkt. #25), the following is Plaintiffs' proposed Statement of the Case to be read to the jury at the beginning of trial:

**1.    STATEMENT OF THE CASE**

Ladies and gentlemen of the jury, this is a breach of contract case, involving a special kind of business contract called a restrictive covenant.

The plaintiffs are affiliated corporations called Dillon Real Estate Co., Inc., or "Dillon" for short, and Smith's Food & Drug Centers, Inc., or "SFDC" for short. You probably know these companies by their more common name, "Fry's." The defendant is a

1 corporation called American National Insurance Co., or "ANICO" for short.

2 Dillon and ANICO each own a part of a shopping center called Heatherwood
3 Plaza, located at 59th Avenue and Thunderbird in Glendale, Arizona. Together, they own
4 all of it. SFDC, Dillon's corporate affiliate, operates a Fry's Food & Drug Store in the
5 Dillon part of Heatherwood Plaza, which you will sometimes hear referred to as the
6 "Shopping Center." ANICO leases various portions of its part of the Shopping Center to
7 various businesses, including one called Dollar Tree.

8 There is a contract called a Declaration of Easements, Covenants and Restrictions,
9 which you will sometimes hear referred to as the "Declaration." That contract governs the
10 conduct of the various businesses that lease space in the shopping center. One thing
11 contained in the Declaration is a restriction that forbids anyone in the Shopping Center but
12 Fry's from selling groceries, which means food and non-food household supplies. You
13 will sometimes hear this contract term referred to as the "Grocery Restriction."

14 No one but Fry's is allowed to sell groceries in the Shopping Center. But ANICO
15 is permitting Dollar Tree to sell groceries.

16 The Court already has ruled that the Restriction prevents ANICO from permitting
17 Dollar Tree to sell groceries in the Shopping Center.

18 Dillon and SFDC contend that Dollar Tree's sale of groceries is causing them
19 damage. ANICO disagrees. ANICO also contends that Dollar Tree is permitted to sell
20 groceries because Dillon and SFDC did not complain when Osco, a drug store that used to
21 lease what is now the Dollar Tree space, sold groceries. Dillon and SFDC disagree.
22 ANICO also contends that Dillon and SFDC did not properly complain about Dollar
23 Tree's grocery sales when Dollar Tree became a tenant. Dillon and SFDC disagree.

24 Pursuant to the Scheduling Order previously entered, the following is ANICO's
25 proposed Statement of the Case to be read to the jury at the beginning of trial:

26 ANICO objects to Plaintiffs' Proposed Statement of the Case. While the Court has
27 held that, within the meaning of the Declaration at issue, "groceries" includes certain non-
28 food household supplies, the Court has not held that *all* such supplies constitute

1  "groceries."  Plaintiffs' own representative agreed that all of the following products were
2  not "groceries" as contemplated by the Declaration: Cosmetics;
3  - DVDs;
4  - Fresh flowers;
5  - Greeting cards;
6  - Stationary;
7  - Swimming pool chemicals;
8  - Individual spools of thread;
9  - Magazines;
10 - Books;
11 - Toys;
12 - Crayons;
13 - Charcoal grills;
14 - Propane gas;
15 - Coolers;
16 - Lottery tickets;
17 - Sunglasses;
18 - Reading glasses;
19 - Smoke detectors;
20 - Automotive products;
21 - Padlocks;
22 - Bungee cords;
23 - Toilet plungers;
24 - WD 40;
25 - Coffee mugs;
26 - Vases;
27 - Barbeque grill tools;
28 - Newspapers;

- Duct tape;
- Picture hanging hardware;
- Pliers;
- Screwdrivers;
- Superglue;
- Hosiery;
- Frying pans;
- Baking pans;
- Coffee makers;
- Blenders;
- Toasters;
- Crockpots;
- Non-food seasonal items;
- Irons;
- Goods sold in on-premises bakeries and delicatessens; and
- T-shirts.

Accordingly, ANICO has made some minor amendments to the foregoing Proposed Statement of the Case to so recognize. ANICO has also added a reference to ANICO's waiver defense which the Court held, in its ruling on Plaintiffs' summary judgment motion, was a question of fact for trial.

**1.      STATEMENT OF THE CASE**

Ladies and gentlemen of the jury, this is a breach of contract case, involving a special kind of business contract called a restrictive covenant.

The plaintiffs are affiliated corporations called Dillon Real Estate Co., Inc., or "Dillon" for short, and Smith's Food & Drug Centers, Inc., or "SFDC" for short. You probably know these companies by their more common name, "Fry's." The defendant is a corporation called American National Insurance Co., or "ANICO" for short.

Dillon and ANICO each own a part of a shopping center called Heatherwood

Plaza, located at 59th Avenue and Thunderbird in Glendale, Arizona. Together, they own all of it. SFDC, Dillon's corporate affiliate, operates a Fry's Food & Drug Store in the Dillon part of Heatherwood Plaza, which you will sometimes hear referred to as the "Shopping Center." ANICO leases various portions of its part of the Shopping Center to various businesses, including one called Dollar Tree.

There is a contract called a Declaration of Easements, Covenants and Restrictions, which you will sometimes hear referred to as the "Declaration." One thing contained in the Declaration is a restriction that forbid ANICO from permitting anyone in the Shopping Center but Fry's from selling groceries, which means food and certain non-food household supplies. You will sometimes hear this contract term referred to as the "Grocery Restriction."

Dillon and SFDC contend that Dollar Tree's sale of groceries is causing them damage. ANICO disagrees. ANICO also contends that Dollar Tree is permitted to sell groceries because Dillon and SFDC did not complain when Osco, a drug store that used to lease what is now the Dollar Tree space, sold groceries. Dillon and SFDC disagree. ANICO also contends that Dillon and SFDC did not properly complain about Dollar Tree's grocery sales when Dollar Tree became a tenant, by referring to the Restriction as the "food restriction." Dillon and SFDC disagree.

DATED this 23rd day of October, 2009.

**SNELL & WILMER L.L.P.**

By: /s/ Andrew F. Halaby
Andrew F. Halaby
Jacob A. Hecker
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
*Attorneys for Dillon Real Estate Co., Inc. and Smith's Food & Drug Centers, Inc.*

**GALLAGHER & KENNEDY, PA**

By: /s/ Glen Hallman
    Kevin E. O'Malley
    Glen Hallman
    2575 East Camelback Road, Suite 1100
    Phoenix, AZ 85016-9225
    *Attorneys for American National Insurance Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrations:

Kevin E. O'Malley
Glen Hallman
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Defendants American National Insurance Co.*

Randy Papetti
Adele Ponce
LEWIS & ROCA, LLP
40 North Central Avenue
Phoenix, AZ 85004-4429
*Attorneys for Dollar Tree Stores, Inc.*

/s/ Alison Mathers

10663654