**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., et al., | No. CV 08-1508-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| American National Insurance Co.; Dollar Tree Stores, Inc., | |
| Defendants. | |

The court has before it "Plaintiffs' Renewed Motion for Permanent Injunction"(doc. 197), Anico's Response (doc. 201), Dollar Tree's Response (doc. 204), and Plaintiffs' Reply (doc. 206).

I.

In our Order of July 17, 2009 (doc. 125), we held that Plaintiffs (Fry's) had no direct action against Dollar Tree to enforce the restrictive covenant in its declaration with Anico. In our Order of September 25, 2009 (doc. 136), we held that the declaration prohibits Anico from allowing Dollar Tree to sell groceries, that the term "groceries", as used in the declaration, includes both food and non-food household supplies, and that Anico's laches defense was foreclosed. The case then went to trial before a jury on Anico's waiver and equitable estoppel defenses. The parties understood that Fry's request for injunctive relief against Anico would be tried to the court.

The jury returned a verdict in favor of Fry's and against Anico in the amount of $172,565 (doc. 183). Our Order of December 14, 2009 (doc. 196) provided that we would order the entry of final judgment after we resolved the request for injunctive relief.

We agree with the jury's resolution of the waiver and equitable estoppel defenses. We find that there was neither waiver nor estoppel. Osco had a separate right to sell certain groceries under the drugstore provisions which do not apply to Dollar Tree. Moreover, Dollar Tree is selling far more items that constitute groceries than Osco did. Thus, there was no waiver. Nor is Fry's estopped from asserting its rights for having used the words "food restriction" in describing the groceries restriction.

We thus find in favor of Fry's and against Anico. This, however, does not end the inquiry. One seeking a *permanent* injunction, in contrast to one seeking *preliminary* injunctive relief, must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Ebay Inc. v. Mercexchange, L.L.C.,* 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006). *Contrast Winter v. Natural Resources Defense Council, Inc.* ___U.S.___, 129 S. Ct. 365, 374 (2008) (setting forth test for *preliminary* injunctive relief and substituting likelihood of success on the merits for inadequacy of remedies at law).

II.

We first address irreparable injury. Given the potential elasticity of the term "groceries", requiring an action at law for every violation of the restrictive covenant would likely cause the covenant to be unenforceable as a practical matter. Covenants have value if they can be enforced, otherwise not. The long, uncertain road of litigation for each violation would render the covenant almost valueless, and yet the promise was an essential part of Fry's willingness to buy the property and make its investment.

We next turn to the adequacy of the remedy at law. We know from the trial and the

1 jury's verdict that a damages action is inadequate. It is simply too hard to assess damages in connection with the sale of millions of items. A series of damages actions would render the covenant of no use to Fry's.

We then turn to a balance of hardships. If we do not grant injunctive relief, Fry's covenant is without value. If we do grant injunctive relief, Anico must simply comply with its promise. It unwisely failed to remember the substance of its covenant when it leased space to Dollar Tree. It is the culpable party here. Thus, if someone must be harmed here, Anico is the logical party. This includes any liability it may have to Dollar Tree for lease terms that may be inconsistent with its covenant to Fry's.

Dollar Tree had both actual knowledge and constructive knowledge of the covenant when it entered into its lease with Anico. It claims it relied on Anico's warranties, but due diligence would have suggested that it read the covenants that were expressly identified in the lease and that were also a matter of public record. Had it done so, it would have known that Anico did not have the power to authorize the sale of groceries in its lease. Any harm to Dollar Tree by an injunction against Anico is likely to be ameliorated by a claim by Dollar Tree against Anico on the warranties.

Finally, we turn to the public interest. Although this is largely a private dispute, the public has an interest in the sanctity of contract which forms the foundation for economic development and the free flow of goods and services.

The four traditional factors favor the granting of permanent injunctive relief. We note, however, that whether we grant or deny, the only rational way to end this dispute is by an accord among the three parties. By granting, we expose the court to the risk of enforcement proceedings which may entangle the court in the murky waters of what precisely is within the scope of "food and non-food household supplies". We also expose Anico to claims by Dollar Tree. By denying, we expose Fry's to the prospect of an endless series of civil actions for damages over the term of the lease. Either way the court suffers. For this reason, we urge the parties to reach a practical solution to the problem they find themselves in.

III.

At all events **IT IS ORDERED GRANTING** Plaintiffs' Renewed Motion for Permanent Injunction (doc. 197). All the claims of all the parties having been resolved, the clerk is now directed to enter final judgment as follows:

1. In favor of Plaintiffs Dillon Real Estate Co., and Smith's Food & Drug Centers, Inc. (Fry's) and against Defendant American National Insurance Co. (Anico), pursuant to the jury's verdict in the amount of $172,565.00.

2. The defendant Anico is permanently enjoined from allowing Dollar Tree to sell groceries (food and non-food household supplies) in the Heatherwood Plaza shopping center. Anico cannot rely on its inconsistent lease provisions with Dollar Tree to avoid compliance. It had no power to grant inconsistent provisions. The lease was expressly subject to the declaration. Any term in the lease that is inconsistent with the declaration is void.

3. In favor of Dollar Tree and against Plaintiffs (Fry's) on Plaintiffs' complaint pursuant to our order of July 17, 2009, granting summary judgment in favor of Dollar Tree.

DATED this 26th day of April, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge