**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Real Estate Co., Inc., a Kansas corporation; Smith's Food & Drug Centers, Inc., an Ohio corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>American National Insurance Co., a Texas corporation; Dollar Tree Stores, Inc., a Virginia corporation,<br><br>Defendants. | No. CV-08-01508-PHX-FJM<br><br>**ORDER** |

The court has before it defendant American National Insurance Company's ("ANICO") renewed motion for judgment as a matter of law (doc. 222), plaintiffs Dillon Real Estate Company and Smith's Food & Drug Centers' response (doc. 228), and ANICO's reply (doc. 239). We also have before us ANICO's motion for an award of attorneys' fees and non-taxable costs (doc. 214) and bill of costs (doc. 219), plaintiffs' response (doc. 244), and ANICO's reply (doc. 250); defendant Dollar Tree Stores' motion for an award of attorneys' fees and non-taxable costs (doc. 212) and bill of costs (doc. 213), plaintiffs' response (doc. 247), and Dollar Tree's reply (doc. 251); and plaintiffs' motion for an award of attorneys' fees and non-taxable costs (doc. 215) and bill of costs (doc. 216), ANICO's and Dollar Tree's responses (docs. 245 & 246), and plaintiffs' reply (doc. 252).

**I**

Plaintiffs and ANICO are joint owners of a shopping center in Glendale, Arizona. Plaintiffs operate a Fry's Food & Drug Store in the shopping center. ANICO leases space to Dollar Tree. Plaintiffs and ANICO are parties to a restrictive covenant under which ANICO may not permit a non-Fry's store to sell groceries in the shopping center. Declaration § 1.4. Although ANICO and Dollar Tree acknowledged this restrictive covenant in their lease, ANICO allowed Dollar Tree to sell groceries for years despite plaintiffs' complaints. In this action, plaintiffs alleged that ANICO and Dollar Tree breached the restrictive covenant and sought compensatory damages and injunctive relief. We granted summary judgment in favor of Dollar Tree because it did not have any obligations under the restrictive covenant (doc. 125). Following a trial on plaintiffs' claim against ANICO, the jury returned a verdict in favor of plaintiffs in the amount of $172,565.00 (doc. 183). In our Order of April 26, 2010, we permanently enjoined ANICO from allowing Dollar Tree to sell groceries in the shopping center and voided any inconsistent terms in ANICO's lease with Dollar Tree (doc. 210).

**II**

ANICO renews its motion at trial for judgment as a matter of law under Rule 50(b), Fed. R. Civ. P., on the issue of damages. It contends that plaintiffs failed to present sufficient evidence that Fry's lost profits due to ANICO's breach of the restrictive covenant. ANICO discounts the testimony of plaintiffs' damages expert as unreliable because he asserted that all of Dollar Tree's grocery sales were sales lost by Fry's. Based on Dollar Tree's grocery sales and Fry's profit margins, plaintiffs sought $601,872.00 in lost profits. Plaintiffs' Response, ex. 16 at 76. Aside from expert testimony, ANICO claims that plaintiffs did not present any evidence that Fry's lost profits. Because "damages that are speculative, remote or uncertain may not form the basis of a judgment," plaintiffs bore the burden of establishing lost profits with "reasonable certainty." Coury Bros. Ranches, Inc. v. Ellsworth, 103 Ariz. 515, 521, 446 P.2d 458, 464 (1968). ANICO does not challenge the jury's determination of the amount of damages. Instead, it challenges plaintiffs' proof of the fact of damages, which

1  "must be of a higher order than proof of the amount of damages." <u>Id.</u> at 521, 446 P.2d at
2  464; <u>see also</u> <u>Short v. Riley</u>, 150 Ariz. 583, 585, 724 P.2d 1252, 1254 (Ct. App. 1986)
3  ("Once the fact of damages has been proven, the amount of the damages may be shown with
4  proof of a lesser degree of certainty than is required to establish the fact of damage.").

5        Judgment as a matter of law is only proper if "a reasonable jury would not have a
6  legally sufficient evidentiary basis" to find for the non-moving party on the issue in question.
7  Rule 50(a), Fed. R. Civ. P. We review all of the evidence and draw all reasonable inferences
8  in favor of the nonmoving party. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133,
9  150, 120 S. Ct. 2097, 2110 (2000). We do not make credibility determinations or weigh the
10 evidence. <u>Id.</u> at 150, 120 S. Ct. at 2110. Our inquiry is whether the evidence "permits only
11 one reasonable conclusion, and that conclusion is contrary to the jury's verdict." <u>Pavao v.
12 Pagay</u>, 307 F.3d 915, 918 (9th Cir. 2002).

13       At trial, plaintiffs presented evidence that Fry's would not have committed to
14 developing an anchor store in the shopping center without the ability to protect its investment
15 through the restrictive covenant. <u>Plaintiffs' Response</u>, ex. 2 at 84. They also presented
16 evidence that ANICO leased Dollar Tree the space adjacent to Fry's and allowed the store
17 to stock a substantial amount of groceries in aisles which were indistinguishable from
18 grocery store aisles. <u>Id.</u>, exs. 4-5. Moreover, the jury heard testimony that customers who
19 would shop for groceries at Fry's would also shop at Dollar Tree. <u>Id.</u>, ex. 3. ANICO
20 contends that this testimony was inconclusive, but the jury could have reasonably inferred
21 that Fry's was losing grocery sales to Dollar Tree. ANICO also suggests that "it is simply
22 common sense that no one regularly does 'grocery' shopping at a dollar store." <u>Renewed
23 Motion</u> at 6. However, plaintiffs presented evidence that Dollar Tree's corporate strategy
24 during the years in question was to change this 'common sense' assumption by targeting the
25 customers of large grocery retailers in neighborhood centers with an increasing mix of
26 "consumable merchandise." <u>Plaintiffs' Response</u>, exs. 6-10.

27       To be sure, plaintiffs overreached by asserting that all of the groceries sold at Dollar
28 Tree would have been sold at Fry's. But they otherwise presented sufficient evidence from

which a jury could reasonably find that Fry's lost profits without engaging in "conjecture or speculation." Gilmore v. Cohen, 95 Ariz. 34, 36, 386 P.2d 81, 82 (1963) (quotation omitted). We deny ANICO's renewed motion for judgment as a matter of law.

### III

ANICO, Dollar Tree, and plaintiffs all move for an award of attorneys' fees and costs. ANICO seeks $152,396.39 in fees and non-taxable costs for 435 hours of attorney time and $8,014.36 in taxable costs. Dollar Tree seeks $151,841.00 in fees and non-taxable costs for 531 hours of attorney time and $6,792.81 in taxable costs. And plaintiffs seek $610,267.45 in fees and non-taxable costs for 1844 hours of attorney time, including $76,411.20 in expert fees, and $9,053.31 in taxable costs. The parties contest their eligibility for an award of attorneys' fees and costs, but they do not challenge the reasonableness of the hours worked or the rates charged.

Dollar Tree and plaintiffs agree, and ANICO does not dispute, that the declaration containing the restrictive covenant covers awards of attorneys' fees and non-taxable costs.[1] The declaration provides that the losing party in an action for breach or threatened breach of the covenant by any owner shall be assessed all costs and expenses, including attorneys' fees. Declaration § 14.6. It also provides that the prevailing party or parties in an enforcement action shall be entitled to reasonable attorneys' fees from the losing party or parties. Id. § 14.7. We enforce reasonable contractual provisions for attorneys' fees and non-taxable costs according to their terms. See Chase Bank of Ariz. v. Acosta, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (Ct. App. 1994). ANICO asserts that Arizona case law provides guidance on which parties prevailed or lost under the declaration. We agree. Prevailing or losing party status depends on the totality of the circumstances and "the relative success of the

---

[1] Although we granted summary judgment to Dollar Tree because it did not have any obligations under the declaration's restrictive covenant pertaining to grocery sales, plaintiffs and Dollar Tree agree that they are bound by one of the declaration's attorneys' fees provisions because Dollar Tree is a tenant. Dollar Tree's Response to Plaintiffs' Motion for Fees at 7; Plaintiffs' Reply at 11.

- 4 -

1 litigants." McAlister v. Citibank, 171 Ariz. 207, 216, 829 P.2d 1253, 1262 (Ct. App. 1992).
2 We award taxable costs to the prevailing party. LRCiv 54.1(d).

3       ANICO argues that it prevailed in connection with plaintiffs' claim against Dollar
4 Tree and their motions for judgment on the pleadings, to compel, and for summary judgment.
5 Given ANICO's lack of success in this action, apportioning attorneys' fees at the level of
6 motion practice would be inappropriate. ANICO also argues that it should recover some of
7 its fees and costs based on a pre-trial offer of judgment to plaintiffs in the amount of
8 $200,000.00. See Plaintiffs' Response to ANICO's Motion for Fees, ex. D. Plaintiffs
9 rejected the offer and recovered only $172,565.00 at trial. As plaintiffs point out, however,
10 they received a permanent injunction against ANICO worth considerably more than the
11 $27,435.00 difference between the offer and the jury verdict. Although ANICO contends
12 that the offer of judgment did not encompass plaintiffs' request for injunctive relief, neither
13 the offer nor ANICO's accompanying letter suggests that it was made as anything other than
14 an offer to completely resolve plaintiffs' claim against ANICO. Id. We conclude that
15 ANICO is not a prevailing party. Therefore, we deny its motion for an award of attorneys'
16 fees and its bill of costs.

17       Dollar Tree contends that it prevailed against plaintiffs. We agree. We granted Dollar
18 Tree summary judgment on plaintiffs' claim that it breached the restrictive covenant (doc.
19 125). Although plaintiffs characterize our permanent injunction of ANICO as a success
20 against Dollar Tree based on Dollar Tree's opposition to the injunction, we did not enjoin
21 Dollar Tree and it only seeks attorneys' fees in connection with plaintiffs' claim against it.
22 Plaintiffs also contend that they would have otherwise joined Dollar Tree as a required party
23 under Rule 19, Fed. R. Civ. P., because of the potential effect of their claim against ANICO
24 on Dollar Tree's lease. It would have been prudent for plaintiffs to join Dollar Tree whether
25 or not they alleged a claim against it. But plaintiffs chose to allege a claim against Dollar
26 Tree and lost. We conclude that Dollar Tree is a prevailing party and grant its motion for an
27 award of attorneys' fees and its bill of costs.
28

Plaintiffs assert that they prevailed against ANICO and Dollar Tree. As discussed above, they prevailed against ANICO but not against Dollar Tree. Nevertheless, plaintiffs also argue that ANICO, as a losing party in an action for breach of the covenant by an owner, must pay all of plaintiffs' costs and expenses, including their costs and expenses in connection with their claim against Dollar Tree. See Declaration § 14.6. However, it would not be reasonable to charge ANICO with costs and expenses attributable to plaintiffs' discrete claim against Dollar Tree, and we do not read the provision to require such a result. We recognize that plaintiffs' costs and expenses in connection with their claim against Dollar Tree are not easily severable from those otherwise required to prosecute their claim against ANICO. Based on this consideration, and using plaintiffs' detailed invoices, we find that $38,962.70 in fees and non-taxable costs for 162.5 hours of attorney time is fairly attributable to plaintiffs' claim against Dollar Tree. The majority of this amount was incurred in January and March 2009. In addition, we agree with plaintiffs that the above provision is broad enough to encompass expert fees as expenses. Therefore, we grant in part and deny in part plaintiffs' motion for an award of attorneys' fees against ANICO and grant their bill of costs against ANICO.

Accordingly, **IT IS ORDERED DENYING** American National Insurance Company's renewed motion for judgment as a matter of law (doc. 222).

**IT IS FURTHER ORDERED** that the clerk shall tax costs in the amount of $6,792.81 in favor of Dollar Tree Stores and against plaintiffs and $9,053.31 in favor of plaintiffs and against American National Insurance Company.

**IT IS FURTHER ORDERED DENYING** American National Insurance Company's motion for an award of attorneys' fees and non-taxable costs (doc. 214) and its bill of costs (doc. 219).

**IT IS FURTHER ORDERED GRANTING** Dollar Tree Stores' motion for an award of attorneys' fees and non-taxable costs in the amount of $151,841.00 against plaintiffs (doc. 212).

1   **IT IS FURTHER ORDERED GRANTING IN PART** and **DENYING IN PART**
2   plaintiffs' motion for an award of attorneys' fees and non-taxable costs (doc. 215). Plaintiffs
3   are awarded $571,304.75 against American National Insurance Company.
4       DATED this 9th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge